988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ramon CANO, Plaintiff-Appellant,
v.
M. KENNEY, Corrections Officer; Sgt. Morris; R. Mills,
Lieutenant; R. Letfor; et al., Defendants-Appellees.
 No. 92-35486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 24, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-91-544-HJF, Helen J. Frye, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramon Cano, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. Cano contends that defendants (1) violated his first amendment rights by punishing him for speaking Spanish; and (2) violated his right to due process under the fourteenth amendment by failing to schedule his disciplinary hearing within the time specified by prison regulations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the district court's summary judgment de novo. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. See Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). In addition, we may affirm the district court's judgment on any ground finding support in the record. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 4
 For the reasons stated in the magistrate judge's findings and recommendation filed on April 14, 1992, we affirm the district court's summary judgment on Cano's claim that defendants violated his civil rights by disciplining him for speaking Spanish. See Zimmerlee v. J.C. Keeney, 831 F.2d 183, 186 (9th Cir.1987), cert. denied, 487 U.S. 1207 (1988).
 
 
 5
 In addition, although it appears the district court failed to make an express ruling on this claim, the record shows that the delay in holding Cano's disciplinary hearing does not amount to a constitutional violation. See Hewitt v. Helms, 459 U.S. 460, 472 (1983); Mendoza v. Blodgett, 960 F.2d 1425, 1430 (9th Cir.1992), cert. denied, 61 U.S.L.W. 3303, 3474, 3479 (U.S. Jan. 11, 1993) (No. 92-579, 92-6560). Accordingly, we affirm the district court's judgment as to this claim also. See Kruso, 872 F.2d at 1421.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3